IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cr-369-DHU |
| ) | |
| ) | |
| **ROBERT ABEYTA**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' MOTION TO RECONSIDER DETENTION (TO BE HEARD BY UNITED STATES MAGISTRATE JUDGE B. PAUL BRIONES)

The United States, by and through its undersigned attorney, moves the Court, pursuant to 18 U.S.C. § 3142(f), to reopen the detention hearing based a concerning report that a loaded magazine was discovered in Defendant's property during his initial intake at La Pasada halfway house. This new information, which was unknown to the United States at the time of the initial detention hearing, reinforces the danger that Defendant poses to the community. For the reasons articulated below, the United States respectfully requests that the Court reopen the detention issue and detain Defendant pending trial. The United States has conferred with defense counsel, Dennis Candeleria, and has been informed that Defendant opposes the requested relief.

### I. Background

On March 26, 2024, Defendant was charged by indictment assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153, 113(a)(6), assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153, 113(a)(3), and using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). These charges arise out of an incident on June 28, 2023, in which Mr. Abeyta armed himself with a loaded pistol,

drove to the residence where John Doe was residing with his girlfriend and small child, confronted John Doe about a long-running family dispute by pointing a loaded pistol at him, and ultimately shot John Doe multiple times in the head, neck, and shoulder.

Defendant was arrested on these charges on April 10, 2024. On April 15, 2024, Defendant appeared in front of United States Magistrate Judge B. Paul Briones for an arraignment and detention hearing. At the detention hearing, the United States recommended detention due to the danger Defendant poses to the community based on the rebuttable presumption in favor of detention based on the 18 U.S.C. § 924(c)(1)(A)(iii) charge, the nature and circumstances of the underlying offense, and the weight of the evidence, which includes a partial video recording of the shooting. Defendant requested release on conditions.

The Court found, pursuant to 18 U.S.C. § 3142(c)(1)(B), that it could fashion conditions of release which would reasonably assure the safety of the community. Doc. 13. Defendant was released to the third-party custody of La Pasada Halfway House pending evaluation of a proposed third-party custodian in Nambe. The Court's release order imposed several additional conditions of release, including that Defendant "not possess a firearm, destructive device, or other weapon." Doc. 13 at 2. On April 19, 2024, only four days after the detention hearing, a search conducted during Defendant's initial intake at La Pasada revealed a loaded magazine compatible with an assault rifle:



A report summarizing this incident is attached hereto as Exhibit 1.

II. **Law Regarding Pretrial Detention**

A detention hearing "may be reopened" before trial upon a finding that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(f). The Tenth Circuit requires that reconsideration of detention under 18 U.S.C. § 3142(f) be "conducted by the same judicial officer who entered the order and when new, material information is available." *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003). The United States's motion to reconsider therefore must be heard by United States Magistrate B. Paul Briones.

A defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of

proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear and convincing evidence. *Cisneros*, 328 F.3d at 616; 18 U.S.C. § 3142(f). To determine whether there are conditions which can assure the defendant's appearance at trial and the safety of the community, the Court must consider the available information concerning:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance a court proceedings; and
   (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Certain offenses, including those under 18 U.S.C. § 924(c), carry a presumption that no condition or combination of conditions can reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Defendant is charged with one such offense, *i.e.*, using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Accordingly, Defendant carries the burden of producing evidence to rebut the presumption of detention in this case. The burden to rebut the presumption is "not heavy, but some evidence must be produced." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (reversing defendant's release on conditions for failure to give effect to presumption favoring detention). If the Defendant satisfies this burden, the United States must show by a preponderance of the evidence that the defendant presents a risk of flight, or by clear and convincing evidence that the defendant presents a danger to the

community. *See United States v. Holguin*, 791 F. Supp. 2d 1082, 1087 (D.N.M. 2011) (collecting cases). However, even if the defendant meets his burden of production, the "presumption remains a factor for consideration" in determining whether to detain the defendant pending trial. *Stricklin*, 932 F.2d at 1355.

### III. Argument

#### a. Evidence of Defendant's Recent Possession of Assault Rifle Assault Rifle Ammunition Warrants Reopening the Detention Hearing.

On April 22, 2024, undersigned counsel for the United States was informed that during a search upon Defendant's initial intake to La Pasada Halfway House on April 19, 2024, Defendant's property was found to contain a loaded magazine compatible with an assault rifle. According to La Pasada staff, the magazine and ammunition were located in a set of clothing and other items Defendant's brother brought to Defendant at La Pasada. This discovery occurred several days after the detention hearing and therefore was not known to the United States at the time of the initial detention hearing. It is relevant to the issue of defendant's dangerousness and ought to be considered in determining whether conditions exist that can reasonably assure the safety of the community.

#### b. The Section 3142(g) Factors Support Detention.

This new information amplifies the need to detain to detain Defendant pending trial as a danger to the community. The nature and circumstances of the offense with which Defendant is charged, the weight of the evidence, and the danger that Defendant poses to the community all weigh in favor of detention.

Defendant is facing three federal charges arising out of an incident in which he shot John Doe over a longstanding family dispute, in broad daylight, and in front of multiple witnesses who themselves could have been injured in the shooting. The evidence of this offense is quite strong,

as one witness captured a portion of the shooting on cellphone video. Moreover, the shooting occurred at the residence where John Doe was residing with his girlfriend and their young daughter, both of whom were present at the home at the time of the shooting. This brazen, violent conduct endangered the life and safety of not only John Doe, the victim of the shooting, but also the other members of the community who were nearby, including John Doe's young daughter.

And while this offense occurred several months ago, it was only four days after Defendant was arraigned on federal charges relating to this offense that a loaded assault rifle magazine was found among possessions delivered to him at the halfway house. This loaded magazine was found among his possessions notwithstanding a condition of his release barring him from possessing any firearm, destructive device, or any other weapon, Doc. 13 at 2, and La Pasada rules barring residents from possessing weapons.

The nature and circumstances of the offense with which Defendant is charged reflect a willingness to use firearms for violence, longstanding animosity towards John Doe that has already resulted in violence and is likely to be exacerbated by the institution of federal charges carrying serious penalties, and a blatant disregard of the risk that his violent behavior poses to others beyond the intended targets of his violence. The discovery of a loaded magazine among Defendant's possession in the face of conditions barring him from possessing weapons not only amplifies this risk, but also demonstrates that conditions of release cannot reasonably ensure the safety of the community. Defendant should be detained as a danger to the community.

IV.   **CONCLUSION**

For the foregoing reasons, the United States respectfully asks this Court to reopen the detention issue and detain Defendant pending trial because he is a danger to the community.

Respectfully Submitted

ALEXANDER M.M. UBALLEZ
United States Attorney

***Electronically filed on 4/22/2024***
Margaret P. Tomlinson
Assistant United States Attorney
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*/s/*
Margaret P. Tomlinson
Assistant United States Attorney