FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    No.  CR 1:24-369-DHU

ROBERT ABEYTA,

        Defendant.

OPPOSED MOTION TO CONTINUE RELEASE PENDING SENTENCING

COMES NOW Defendant Robert Abeyta, by and through Assistant Federal Public Defender Dennis J. Candelaria, pursuant to U.S. Const. Amend. VIII, 18 U.S.C. §§ 3143(a) and 3145(c), and *U.S. v. Mutte*, 383 Fed. Appx. 716, 2010 WL 2413139 (10th Cir. 2010), respectfully moves this Court to allow him to remain on conditions of release pending sentencing in this case. A change of plea hearing is scheduled for September 30, 2024. (Doc. 28). This pleading is filed in anticipation of that hearing. Specifically, Mr. Abeyta requests that the Court permit him to remain released on pretrial services supervision, reside at La Pasada in Albuquerque, New Mexico and continue his employment. The government **opposes** this motion.

As grounds for this motion, Mr. Abeyta states the following:

1.On April 11, 2024, an indictment was filed alleging Mr. Abeyta assaulted John Doe resulting in serious bodily harm, assaulted John Doe with a dangerous weapon, and used a firearm in relation to a crime of violence. (See Doc. 2)

2.On April 15, 2024, an arraignment and detention hearing were held and U.S. Magistrate Judge Briones ordered Mr. Abeyta released with certain conditions. (Doc. 13).

3.Mr. Abeyta has been on pretrial release since his release on April 15, 2024. Mr. Abeyta was required to reside at the La Posada Halfway House where he has resided for approximately five months without any violations.  He has remained on pretrial services supervision and is employed full time with Lowe's Food King Grocery Store in Albuquerque, NM. He has been fully compliant with his conditions of release and has complied with all directions of his United States Pretrial Services Officer.

4.The United States has extended an offer to resolve this matter by way of a Rule 11(c)(1)(C) plea agreement wherein Mr. Abeyta would enter a guilty plea to Count One of the Indictment and agree to a specific sentencing range of 84-120 months.

5.      Mr. Abeyta respectfully requests the Court continue his release after entry of a guilty plea pursuant to the Rule 11(c)(1)(C) plea agreement, pending sentencing on the same conditions as his release on pretrial services: permitting him to continue residing at La Pasada with supervision of the Pretrial Services Office, and permitting him to continue working.

## LEGAL ARGUMENT

The Bail Reform Act provides that pending sentencing, the presumption is that a defendant will be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). A defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk nor a danger to any person or the community. *See* 18 U.S.C. § 3143(a)(1) (imposing a "clear and convincing evidence" standard); Fed. R. Crim. P. 46(c) ("the burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *see also United States v. Johnson*, 652 Fed. Appx. 619 (10th Cir. 2016) (unpublished) (citing the same).

If, however, the offense of guilt is an offense with a maximum sentence of ten years or more as prescribed in the controlled substance act, the mandatory

3

detention provisions of Section 3142(a)(2) apply. *See* 18 U.S.C. §§ 3143(a)(2). Even if the mandatory detention provisions apply, the judicial officer may nonetheless "consider whether exceptional reasons exist to release a defendant under §3145(c)." *United States v. Jones*, 979 F.2d 804 (10th Cir. 1992); *United States v. Dahda*, 772 Fed. Appx. 730 (10th Cir. 2019)(unpublished). The "exceptional reasons" sentence was added to 3145(c) when Congress added the mandatory provisions of §§ 3143(a)(2) and (b)(2):

> a person subject to detention pursuant to section 3143(a)(2) 'who meets the conditions of release set forth in sections 3143(a)(1) or (b)(2), may be ordered released under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'

18 U.S.C. § 3145(c); *United States v. Carr*, 957 F.2d 1239, 1240 (5th Cir. 1991). The addition of the "exceptional reasons" provision "was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 957 F.2d at 1240. To obtain release under § 3145(c), "a defendant must both meet the conditions set forth in § 3145(a)(1) and make 'a clear showing of exceptional reasons why detention would not be appropriate.'" *Dahda*, 772 Fed.

4

Appx. 730 (10th Cir. 2019)(unpublished)(*citing United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997)(per curiam)).

As presented here and as will be further argued at the time of the hearing, Mr. Abeyta is not a flight risk and he does not pose a danger to the safety of any other person or the community if he were to be permitted to remain released on the same conditions as his pretrial release pending sentencing. Moreover, exceptional reasons exist that demonstrate that detention pending sentencing would not be appropriate.

    A.    <u>As evidenced through Mr. Abeyta's pretrial conduct, Mr. Abeyta is not a flight risk and his ties to the community of New Mexico are very strong.</u>

Mr. Abeyta did not flee the district of New Mexico during the time that he has been released on pretrial conditions nor having been notified of the federal charges and maximum possible penalties. Frankly, Mr. Abeyta has nowhere to flee. Considering he was born and Espanola, New Mexico, raised in California and returned back to his home in Okay Owingeh there is indication that he will flee.  His family ties to the State of New Mexico go back generations as he is a member of Okay Owingeh Tribe. He could not even travel out of the country as he does not have nor ever had a passport.

Further, Mr. Abeyta understands that he will receive a benefit from entering into the plea agreement that requires him to provide truthful, accurate and complete information to the United States Pretrial Services and Probation Office. This will require a presentence investigation report interview as well as continued contact and reporting to the Pretrial Services Office. If he were to fail to comply with his obligations with respect to the United States Pretrial Services and Probation Office, the United States could declare the plea agreement null and void and he would lose the benefits conferred by the plea agreement. Additionally, he understands that as a Rule 11(c)(1)(C) plea agreement, the Court holds discretion as to the sentence to be imposed and his compliance as to conditions of release and the directions of his Pretrial Services Officer would be considered as one of many 18 U.S.C. § 3553(a) sentencing factors. His compliance could be the difference between 7 or 10 years.

    B.    <u>As evidenced through his pre-trial conduct, Mr. Abeyta does not pose a danger to the safety of any other person or the community.</u>

Since his arrest, Mr. Abeyta has remained in the community without any incidents – no violations of federal, state, county, municipal, or tribal law. Since his arrest and release on pretrial conditions, Mr. Abeyta demonstrated to the

Pretrial Services Office and the Court that he could be trusted to remain out of custody on conditions.

Mr. Abeyta also understands that if he were to violate any federal, state, county, municipal or tribal law, or place anyone in danger, or fail to comply with his obligations with respect to the United States Pretrial Services and Probation Office, the United Sates could declare the plea agreement null and void and he would lose the benefits conferred by the plea agreement.

    C.    <u>There are exceptional reasons why Mr. Abeyta's detention would not be appropriate.</u>

Mr. Abeyta has been doing well and has had no issues while on pretrial release. It is clear as presented above that Mr. Abeyta does not present either a flight risk or a danger to the community if he were to be permitted to continue his release pending sentencing in this matter. Moreover, there are exceptional reasons to permit him to remain on release pending sentencing in this matter.

First, continued release pending sentencing will also allow Mr. Abeyta to continue his full-time employment at Lowe's Food King on 4th Street in Albuquerque. As a full-time employee, he has proven himself as both reliable and hardworking. He anticipates that there will be a need for employees to work overtime through the winter and into the busy time of the holiday season. If

permitted, Mr. Abeyta would like to continue working full-time with overtime as needed and utilize his income to help pay child support and save for any fines or fees that may be imposed by the Court at the time of sentencing.

Secondly, this offense was situational. Mr. Abeyta confronted John Doe upon belief that he raped his daughter. This allegation was part of an investigation that lasted over 2 years in the tribal family court. During this time, the family was asked by the investigators and counselors to not inquire about the alleged sexual assault. Mr. Abeyta was kept in the dark. Only after two years without any kind of information, Mr. Abeyta decided that he would confront John Doe. This incident is now over and there is no need to think that Mr. Abeyta is a danger.

Defense counsel conferred with Assistant U.S. Attorney Meg Tomlinson concerning this motion. The United States opposes Mr. Abeyta's continued release pending sentencing.

United States Pretrial Officer Mike Adolph does not oppose.

**WHEREFORE** Mr. Abeyta respectfully requests the Court allow him to remain on conditions of release pending sentencing in this case. Specifically, to

permit him to remain released on pretrial services supervision, reside at La Posada in Albuquerque, New Mexico, and continue his full-time employment.

          Respectfully submitted,

          FEDERAL PUBLIC DEFENDER
          111 Lomas NW, Suite 501
          Albuquerque, NM 87102
          (505) 346-2489

          *Electronically filed September 25, 2024*
          */s/ Dennis J. Candelaria*
          Dennis J. Candelaria
          *Attorney for Mr. Abeyta*