AO 245B (Rev. 09/19)  Judgment in a Criminal Case
                      Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **ROBERT ABEYTA** | Case Number: **1:24CR00369-001DHU** |
| | USM Number: **09129-511** |
| | Defendant's Attorney: **Dennis J. Candelaria** |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1 of Indictment**.

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6) | Assault Resulting in Serious Bodily Injury, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 06/28/2023 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 .

☐ The defendant has been found not guilty on count(s) .

☐ Count(s)  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 11, 2025**
Date of Imposition of Judgment

**/s/ David H. Urias**
Signature of Judge

**Honorable David H. Urias**
**United States District Judge**
Name and Title of Judge

**February 13, 2025**
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                       Sheet 2 - Imprisonment                                                                              Judgment - Page 2 of 7

DEFENDANT: **ROBERT ABEYTA**
CASE NUMBER: **1:24CR00369-001DHU**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **102 months** .

☒ The court makes the following recommendations to the Bureau of Prisons:

    **Danbury Federal Correctional Institution, Danbury, Connecticut, if elgible**

**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on .
    ☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.


                                                                                        _____
                                                                                        UNITED STATES MARSHAL

                                                                     By _____
                                                                                        DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3 – Supervised Release
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment - Page 3 of 7

DEFENDANT: **ROBERT ABEYTA**
CASE NUMBER: **1:24CR00369-001DHU**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **3years** .

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 5 – Special Conditions                                                                 Judgment - Page 5 of 7

DEFENDANT: **ROBERT ABEYTA**
CASE NUMBER: **1:24CR00369-001DHU**

## SPECIAL CONDITIONS OF SUPERVISION

**You must participate in and successfully complete a community-based program which provides education and training in parenting.**

**You must not use or possess alcohol. You may be required to submit to alcohol testing that may include urine testing, a remote alcohol testing system, and/or an alcohol monitoring technology program to determine if you have used alcohol. Testing shall not exceed more than 4 test(s) per day.  You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing.**

**You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic cannabinoids, synthetic cathinones, etc.) that impair your physical or mental functioning, whether or not intended for human consumption.**

**You must not communicate, or otherwise interact, with the victim(s), either directly or through someone else.**

**You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous substance abuse evaluations and/or other pertinent treatment records to the treatment provider.**

**You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year.  Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.**

**You must submit to a search of your person, property, residence, vehicle, papers, computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media, or office under your control. The probation officer may conduct a search under this condition only when reasonable suspicion exists, in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol, firearms, ammunition, and all other forms of contraband . You must inform any residents or occupants that the premises may be subject to a search.**

**You must participate in and successfully complete a community-based program which provides education and training in anger management.**

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 6 – Criminal Monetary Penalties
Judgment - Page 7 of 7

DEFENDANT: **ROBERT ABEYTA**
CASE NUMBER: **1:24CR00369-001DHU**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Restitution** | **Fine** | **AVAAAssessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| | $100.00 | $ | $0.00 | $ 0.00 | $0.00 |

☒   The determination of the restitution is deferred until May 12, 2025. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒   In full immediately; or

B   ☐   $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court finds the Mandatory Restitution Act of 1996 is applicable in this case; the Court will leave open for 90 days.**

**Based on the defendant's lack of financial resources, the Court will not impose a fine. In lieu of all or a portion of the fine, the Court considered alternative sanctions, such as community service, placement at a residential reentry center, and location monitoring, and concludes the total combined sanction without a fine or alternative is sufficiently punitive.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest in a Taurus 9mm pistol, bearing serial number TKS535.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.